UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYAN JACKSON, individually, ) <br> BRANDI EVANS, individually, and ) <br> COREY CAERY, individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EAST PRAIRIE POLICE DEPARTMENT, ) <br> BRIAN BICKFORD, individually, and ) <br> DANNY LAFFERTY, individually and ) <br> in his official capacity of Acting Chief ) <br> ) <br> ) <br> Defendants. ) | Case No. 1:05CV00115LMB |

## MEMORANDUM AND ORDER

This matter is before the court on the civil rights action of Bryan Jackson, Brandi Evans, and Corey Caery, brought pursuant to 42 U.S.C. § 1983. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c). There are several motions currently pending before the court. Defendants have filed a "Motion to Dismiss East Prairie Police Department as a Party Defendant," along with a Memorandum in Support. (Documents Number 2, 3). With respect to this motion, plaintiffs filed a Response. (Doc. No. 8). Defendants have also filed a "Motion to Dismiss City of East Prairie & East Prairie Police Chief Danny Lafferty and Motion to Strike Demand for Punitive Damages Against the City of East Prairie." (Docs. No. 6), to which plaintiffs have filed a Response (Doc. No. 9).

**Background**

The Complaint alleges that Defendant Brian Bickford, while acting in his official capacity as a police officer with the City of East Prairie, used excessive force in violation of plaintiffs' constitutional rights. Plaintiffs state that Officer Bickford spotted a vehicle driven by Plaintiff Bryan Jackson and activated his emergency lights for unknown reasons. Plaintiffs Brandi Evans and Corey Caery were passengers in Bryan Jackson's vehicle. Plaintiffs allege that a low-speed pursuit ensued for a short distance, until the vehicle exited onto a side street and entered a small, circular, cul-de-sac. Plaintiffs claim that Officer Bickford pulled his patrol vehicle over, exited his vehicle, and withdrew his assigned .48 caliber handgun. Plaintiffs allege that Officer Bickford fired 11 rounds into the vehicle, two of which struck Plaintiffs Bryan Jackson and Corey Caery. Plaintiffs further allege that Defendant Danny Lafferty, Chief of Police of the East Prairie Police Department, knew of the shooting and other misconduct of Officer Bickford, and failed to issue any disciplinary action against Officer Bickford. Plaintiffs also assert assault, battery, and false imprisonment claims against each defendant.

**Discussion**

**A.     Defendants' Motion to Dismiss East Prairie Police Department**

On August 5, 2005, defendants filed their Motion to Dismiss East Prairie Police Department as a Party Defendant, in which they argue that East Prairie Police Department is not a separate legal entity capable of being sued. In response to this motion, plaintiffs filed a "Motion for Leave to File First Amended Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure" (Doc. No. 7), which this court granted on October 25, 2005. In their First Amended Complaint, plaintiffs omit the East Prairie Police Department as a party defendant and add the

City of East Prairie as a party defendant. As such, defendants' Motion to Dismiss East Prairie Police Department as a Party Defendant will be denied as moot.

**B.    Defendants' Motion to Dismiss City of East Prairie & East Prairie Police Chief Danny Lafferty and Motion to Strike Demand for Punitive Damages Against the City of East Prairie**

In their motion to dismiss, defendants argue that Count I of plaintiffs' First Amended Complaint, which alleges a violation of 42 U.S.C. § 1983, should be dismissed against Defendant City of East Prairie because the City of East Prairie cannot be held vicariously liable for any actions of Officer Bickford or Chief Danny Lafferty. Defendants also contend that the City of East Prairie is sovereignly immune under §537.600 RSMo, as to plaintiffs' remaining common law tort claims. Defendants argue that plaintiffs' First Amended Complaint should be dismissed against Defendant Danny Lafferty as to Count I because he cannot be held vicariously liable for the actions of Officer Bickford.

Plaintiffs contend that their First Amended Complaint should not be dismissed against Defendant City of East Prairie as to their § 1983 claim because their First Amended Complaint contains sufficient allegations of a policy or custom of the city that caused the violation at issue. With respect to their common law tort claims, plaintiffs argue that the acts and omissions of Chief Lafferty regarding Officer Bickford's conduct are proprietary actions, which are not subject to sovereign immunity. Concerning their § 1983 claim against Chief Lafferty, plaintiffs contend that their First Amended Complaint contains sufficient allegations of supervisory liability.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). See also County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997).

Thus, a motion to dismiss is likely to be granted when "a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

### 1. § 1983 Claim Against the City of East Prairie

While a municipality can be subject to suit under § 1983, see Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978), it can not be held liable for "an injury inflicted solely by its employees or agents on a theory of respondeat superior." Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Springdale, 133 F.3d at 651.

A government's failure to train its employees can constitute a "municipal policy." See Abbott v. City of Crocker, 30 F.3d 994, 999 (8th Cir. 1994); City of Canton v. Harris, 489 U.S. 378, 389-90, 109 S. Ct. 1197, 1205-06, 103 L. Ed. 2d 412 (1989). However, "[t]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." Canton, 489 U.S. at 388, 109 S. Ct. at 1204. Deliberate indifference can be found where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights." Id. at 390, 109 S. Ct. at 1205.

"Moreover, for liability to attach in this circumstance the identified deficiency in a [municipality's] training program must be closely related to the ultimate injury." Abbott, 30 F.3d at 999. In other words, a plaintiff must show a causal relationship between the failure to train and the ultimate constitutional violation. See Andrews v. Fowler, 98 F.3d 1069, 1076; Monell, 436

U.S. at 694, 98 S. Ct. at 2037 (municipal policy must be "moving force [behind] the constitutional violation").

In their First Amended Complaint, plaintiffs allege that Defendant Danny Lafferty was acting as Chief of Police of the East Prairie Police Department at the time of the shooting and that Chief Lafferty "knew the facts and circumstances surrounding this shooting and failed to issue any disciplinary action against Defendant Bickford as a result of the same." First Amended Complaint at 3. Plaintiffs further allege that Chief Lafferty "acquiesced in said misconduct as he had prior knowledge of this and other misconduct of Defendant Bickford and failed to take action." Id. at 4. Defendants argue that there are no allegations in plaintiffs' complaint that the City of East Prairie officially sanctioned or ordered an unconstitutional policy. Plaintiffs claim that their pleadings against Chief Lafferty clearly suggest a pattern or custom of acquiescence by the police department to police misconduct, which is sufficient to survive a motion to dismiss against the City of East Prairie.

The undersigned finds that the allegations in plaintiffs' First Amended Complaint are sufficient to suggest the existence of a policy or custom of the City of East Prairie. Although plaintiffs do not plead the specific existence of a policy or custom, this is not necessary to defeat a motion to dismiss. See Doe v. The School District of the City of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003). Such a requirement would "disregard the liberality of Federal Rule of Civil Procedure 8(a)(2) which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 8(a), which states 'pleadings shall be so construed as to do substantial justice.'" Id. Plaintiffs allege that Chief Lafferty, as chief of the East Prairie Police Department, knew the facts surrounding this shooting, along with other misconduct of Officer Bickford, and failed to issue any disciplinary action. These facts are sufficient to support the inference that the

East Prairie Police Department had a policy or custom of acquiescence to police misconduct. Thus, the court will deny defendants' motion to dismiss plaintiffs' First Amended Complaint against the City of East Prairie as to Count I.

Defendants argue that, if the court denies its Motion to Dismiss the City of East Prairie as to Count I, plaintiffs' demand for punitive damages against the City of East Prairie should be struck because a municipality cannot be held responsible for punitive damages. Plaintiffs acknowledge that punitive damages are generally not allowed in § 1983 cases, yet contend that a municipality may be liable to pay a punitive damage award if it would be required to indemnify an individual under state law. The court finds that punitive damages are not available against a municipality. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). Accordingly, the court will grant defendants' Motion to Strike Demand for Punitive Damages Against the City of East Prairie as to Count I.

**2. Common Law Tort Claims Against the City of East Prairie**

Defendants argue that the City of East Prairie, as a public entity, is sovereignly immune from liability for common law tort claims under Missouri law. Defendants state that the tort claims alleged in plaintiffs' First Amended Complaint--assault, battery, and false imprisonment--fall outside the exceptions to sovereign immunity. Plaintiffs acknowledge that the City of East Prairie is a public entity subject to sovereign immunity, but contend that municipalities cannot escape liability for activities undertaken while performing proprietary, as opposed to governmental, functions. Plaintiffs argue that the acts and omissions by Chief Lafferty relating to Officer Bickford's conduct were proprietary actions and are not subject to sovereign immunity.

Under Missouri law, public entities are generally immune from state tort law claims under Missouri Revised Statute 537.600, except in three enumerated circumstances. See Martin v.

Missouri Highway and Transp. Dept., 981 S.W.2d 577, 579 (Mo. App. 1998). Sovereign immunity may be waived (1) where public employees are involved in an automobile accident, (2) where injuries are caused by the condition of public property if the land is kept in a dangerous condition, or (3) when a political subdivision purchases liability insurance. See RSMo 537.600, 537.610; Martin, 981 S.W.2d at 579; Hammer v. City of Osage Beach, 318 F.3d 832, 841 (8th Cir. 2003).

In addition, municipalities are not immune from liability arising from their proprietary activities. See State ex rel. Bd. of Trustees of City of North Kansas City Mem'l Hosp. v. Russell, 843 S.W.2d 353, 358 (Mo. 1992); Nichols v. City of Kirksville, 68 F.3d 245, 247 (8th Cir. 1995). " A proprietary function entails those acts performed for the special benefit of the [municipality],...in that it provides local necessities and conveniences to its own citizens," rather than acts "performed for the common good of all...by the governmental unit as an agent of the state." Aiello v. St. Louis Cmty. Coll. Dist., 830 S.W.2d 556, 558 (Mo. App. 1992). For example, hiring and firing city employees are governmental, not proprietary, activities. See Nichols, 68 F.3d at 247.

A plaintiff must plead facts sufficient to allege a waiver of sovereign immunity. See Brennan v. Curators of the Univ. of Missouri, 942 S.W.2d 432, 436-37 (Mo. App. 1997). Specifically, a plaintiff must affirmatively plead the existence of an insurance policy and that the policy covers the claims asserted. See id. Thus, in Brennan, the court affirmed the dismissal of a medical malpractice action brought against the curators of a university hospital because the plaintiff had failed to allege that a liability insurance plan had been adopted. Id. at 437.

In this case, plaintiffs have not alleged that the City of East Prairie has waived sovereign immunity. Further, plaintiffs' assault, battery, and false imprisonment claims fall outside the

enumerated exceptions to sovereign immunity. Although plaintiffs note the liability insurance exception to sovereign immunity in their response in opposition to defendants' motion to dismiss, their First Amended Complaint fails to mention liability insurance, and plaintiffs admit that the presence of insurance is not known at this time. Plaintiffs also attempt to argue that the acts and omissions by Chief Lafferty regarding Officer Bickford's conduct are proprietary actions not subject to sovereign immunity. Plaintiffs, however, provide no support for their claim that the failure to discipline a city employee constitutes a proprietary, rather than a governmental activity. Plaintiffs have failed to plead facts in their First Amended Complaint that demonstrate an exception to sovereign immunity. As such, Count II, Count III, and Count IV of plaintiffs' First Amended Complaint will be dismissed as to Defendant City of East Prairie. Defendants' Motion to Strike Demand for Punitive Damages Against the City of East Prairie as to these counts will be denied as moot.

### 3. § 1983 Claim Against Defendant Danny Lafferty

Defendants argue that plaintiff's § 1983 claim against Chief Lafferty should be dismissed because the complaint alleges no personal involvement by Chief Lafferty in the shooting. Plaintiffs claim that supervisory liability can exist where a supervisor fails to control subordinates with a history of misbehavior, as well as instances of inadequate training or supervision. Plaintiffs contend that the First Amended Complaint contains sufficient allegations of supervisory liability to survive a motion to dismiss.

A supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly

authorized the offending acts.  Andrews, 98 F.3d at 1078; Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).  Proof of actual knowledge of constitutional violations is not, however, an absolute prerequisite for imposing supervisory liability.  See Howard, 887 F.2d at 138.

In this case, plaintiffs allege in their First Amended Complaint that Chief Lafferty was the supervisor of Officer Bickford at the time of the shooting and that Chief Lafferty knew about the facts surrounding the shooting and failed to take action.  Plaintiffs further allege that Chief Lafferty acquiesced in the misconduct in that he had prior knowledge of this and other misconduct of Officer Bickford and failed to take action.  The undersigned finds that plaintiffs have alleged facts sufficient to state a claim against Chief Lafferty for supervisory liability.  Thus, defendants' motion to dismiss Count I of plaintiffs' First Amended Complaint as to Chief Lafferty will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant East Prairie Police Department's Motion to Dismiss East Prairie Police Department as a Party Defendant (Doc. No. 2) be **denied as moot**.

**IT IS FURTHER ORDERED** that Defendants City of East Prairie and Danny Lafferty's Motion to Dismiss City of East Prairie & East Prairie Police Chief Danny Lafferty and Motion to Strike Demand for Punitive Damages Against the City of East Prairie (Doc. No. 6) be **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Count II, Count III, and Count IV of plaintiffs' First Amended Complaint be **dismissed without prejudice** as to Defendant City of East Prairie. Count I remains as to Defendant City of East Prairie. All counts remain as to Defendant Danny Lafferty.

**IT IS FURTHER ORDERED** that defendants' Motion to Strike Demand for Punitive Damages Against the City of East Prairie (Doc. No. 6) is **granted** as to Count I , and **denied as moot** as to Count II, Count III, and Count IV.

Dated this   20th    day of  January, 2006.

                                                            _____
                                                            LEWIS M. BLANTON
                                                            UNITED STATES MAGISTRATE JUDGE